IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JA'BAURI SHORTER-JONES,

      Petitioner,

v.

                              2:24-CV-182-Z
                              (2:22-CR-040-Z-BR-1)

UNITED STATES OF AMERICA,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

Petitioner Ja'Bouri Shorter-Jones ("Shorter-Jones") filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255. ECF No. 2. For the reasons stated below, the Motion is **DENIED**.

**BACKGROUND**

The record in Shorter-Jones' underlying criminal case, No. 2:22-cr-40-Z-BR-1 (the "CR"), reflects the following:

On November 3, 2022, Shorter-Jones pled guilty to one count of Possession of a Firearm by a Prohibited Person and Aiding and Abetting, in violation of 18 U.S.C. Sections 922(g)(3), 924(a)(2) and 18 U.S.C. Section 2. CR ECF No. 45. On March 21, 2023, Shorter-Jones was sentenced to 33 months in prison, followed by one year of supervised release. CR ECF No. 58. He did not appeal.

Shorter-Jones' *pro se* Motion to Vacate was received by the Court on August 26, 2024. CR ECF No. 67. He claims that his attorney was ineffective at trial because the attorney failed to properly research applicable law and failed to advocate in his client's best interest. He further claims that Supreme Court precedent invalidates his conviction. *Id.* Because Shorter-Jones's

1

Section 2255 motion appears untimely, the Court directed him to respond by October 3, 2024, regarding application of the one-year limitations period. Shorter-Jones failed to respond. After a review of the relevant pleadings and law, the Court concludes that Shorter-Jones' Section 2255 motion is barred by limitations and should be dismissed.

LEGAL ANALYSIS

**A.    Statute of Limitations.**

A motion under Section 2255 is subject to a one-year limitation period, which begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Shorter-Jones does not allege any facts that could trigger a starting date under Sections 2255(f)(2)–(4), so the limitations period began to run when his judgment of conviction became final. *See id.* § 2255(f)(1). Shorter-Jones did not appeal, so for his Section 2255 motion to have been timely under 2255(f)(1), he must have filed his Section 2255 motion no later than April 5, 2024.[1] *See United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) (holding that a conviction becomes final for Section 2255 purposes at the expiration of the direct appeal process).

---

[1] Shorter-Jones's conviction became final after expiration of his deadline to file a notice of appeal.

2

Pursuant to the prison mailbox rule, Shorter-Jones filed his Section 2255 motion on August 7, 2024, at the earliest, so it is untimely in the absence of equitable tolling.[2]

## B.    Equitable Tolling.

The statute of limitations can be tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (internal quotation marks omitted). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1996). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quity is not intended for those who sleep on their rights." *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). The movant bears the burden to show his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Courts must examine each case to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Shorter-Jones has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. Not only did he fail to respond to the Court's order requesting that he address the issue, but he also failed to respond to Question No. 18 on the Section 2255 form, which asked him to address the timeliness of his Motion. On this record, Shorter-Jones has not met his burden to warrant equitable

---

[2] Shorter-Jones does not argue actual innocence in his motion.

3

tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

CONCLUSION

For the foregoing reasons, Shorter-Jones' motion to vacate sentence under 28 U.S.C. Section 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the Rules Governing § 2255 Proceedings.

**SO ORDERED.**

November 25, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE